In re TRANS CANADA ENTERPRISES OF TEXAS, INC., Debtor.

CHANNEL INDUSTRIES GAS COMPANY, Plaintiff,

v.

TRANS CANADA ENTERPRISES OF TEXAS, INC., et al., Defendants.

Bankruptcy No. 82–02423–C2–5.
Adv. No. 83–1637–C2.

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Jan. 10, 1986.

Steven E. Smathers, Johnson & Swanson, Dallas, Tex., for InterFirst Bank Ft. Worth, N.A.

F.D. Gutierrez, Jr., Asst. Atty. Gen., Austin, Tex., for State of Texas.

Richard E. Flint, Head & Kendrick, Corpus Christi, Tex., for Trans Canada Enterprises of Texas, Inc.

L. Parker McNeill, Austin, Tex., for Channel Industries Gas Co.

## MEMORANDUM OPINION

R.F. WHELESS, Jr., Bankruptcy Judge.

On August 23, 1983 Channel Industries Gas Company ("Channel") filed an interpleader in this Court and deposited the sum of $122,295.31. Additional funds have been deposited by Channel since the initial filing of the interpleader. On September 6, 1983 InterFirst filed a complaint for turnover against Channel and against PMI Gathering Service, Inc. ("PMI"). On October 17, 1983 the interpleader and the complaint were consolidated.

On the 29th day of June, 1984, this Court entered its order distributing proceeds of gas production. At that time this Court ordered that the sum of $14,176.90 be held in the Registry of the Court pending resolution of the claim of the Comptroller of Public Accounts for the State of Texas that the amount due the State of Texas under Texas Tax Code Ann. Sec. 201.204 constitutes a statutory trust in favor of the State. As a secured creditor InterFirst Bank Fort Worth, N.A. ("InterFirst") objects to payment to the State of this severance tax.

## THE CLAIM OF THE STATE OF TEXAS FOR SEVERENCE TAXES

At all material times InterFirst had a prior, duly perfected deed of trust and a filed financing statement and security agreement involving the Scott & Hopper #3 Well and all proceeds thereof. The debtor, Trans Canada Enterprises of Texas, Inc. sold gas from the Scott & Hopper #3 Well to Channel. The sums deposited into the registry of this Court represent the proceeds of such sales. The State of Texas contends that it is entitled to be paid the severance tax imposed by Texas Tax Code Ann. Sec. 201.051 et seq., including section 201.204.

Section 201.204 provides in pertinent part:

(a) A first purchaser shall pay the tax imposed by this Chapter on gas that the first purchaser purchases from a producer and takes delivery on the premises where the gas is produced.

(b) A first purchaser shall withhold from payments to the producer the amount of the tax that the first purchaser is required to pay. This subsection does not affect a lease or contract between the State or a political subdivision of the State and a producer.

(c) Money withheld by a first purchaser under this section is held in trust for the use and benefit of the State and may not be commingled with other funds of the first purchaser.

InterFirst argues that the Statute does not create a lien in favor of the State of Texas. It further argues that its own lien, duly perfected under the Texas Business & Commerce Code, is superior to the rights of the State as provided in the statutory scheme.

InterFirst cites the provisions of Section 113.101 of Title II, which provides as follows:

"(a) No lien created by this title is effective against a person listed in Subsection (b) of this section who acquires a lien, title or other right or interest in property before the filing, recording, and indexing of the lien:

(1) On real property, in the county where the property is located; or

(2) On personal property, in the county where the taxpayer resided at the time the tax became due and payable or in the county where the taxpayer filed the report.

(b) This section applies to a bona fide purchaser, mortgagee, holder of a deed of trust, judgment creditor, or any other person who acquired the lien, title, or right or interest in the property for bona fide consideration."

InterFirst argues that Section 201.204 is a device simply to protect the State from creditors of the *purchaser* and does not give rights greater than those already perfected by it as a bona fide mortgagee; as provided in Section 113.101 of Title II.

Pursuant to Section 201.051 of Title II the State Taxation Act there is a tax imposed on each producer of gas. The rate of tax is 7.5% of the market value of gas produced and saved in the state by the producer. Under Section 201.203 each producer files a report with the Comptroller each calendar month. Under Section 201.-204 the "first purchaser" shall pay the tax imposed. To do so it withholds the tax from payments to the producer. As noted above the money withheld is held in trust and may not be comingled with other funds of the first purchaser.

Section 201.303 provides for a tax lien if the tax is delinquent. The lien is a prior lien for the tax, penalty and interest on all property and equipment used by the producer to produce gas. Section 201.251 provides liability to the producer and liability to the first purchaser and each subsequent purchaser. This Section requires the producer to satisfy himself that the tax on the gas has been or will be paid by the person liable for the tax.

It should be noted that the tax is not an added tax, but rather comes out of the purchase price paid for the gas. In other words the tax is not added to the purchase price of the gas. Thus the tax is being taken out of the proceeds of property to which InterFirst clearly has a duly perfected security interest.

The State Legislature could have provided for the tax lien to be imposed on the proceeds of the sale of its gas (as well as the property and equipment necessary to produce the same) and could have provided that that lien was prior to any other lien. However, the legislature did not expressly do this.

On the other hand it is clear that if InterFirst forecloses and becomes owner of the gas in place that it is clearly subject to the rules on taxation as a producer. The rights of InterFirst come from Trans Canada, the debtor herein, who is a producer as defined under the statutory scheme. Under Section 201.001 the term "producer" means a person ... who owns an interest in gas or its value, whether the gas is produced by the person owning the interest or by another on his behalf by lease, contract or other arrangement. The deed of trust and security interest of InterFirst are also interests in the gas (before and after production).

It therefore appears to this Court that InterFirst is a producer within the meaning of Section 201.001 and it is therefore liable under the statutory scheme for the tax as is the first purchaser. As a result of the foregoing and because of the provisions of 201.204 a trust is created to the extent of 7.5% of the proceeds of the gas, which sum is in favor of the State of Texas and must be paid over to the State in the satisfaction of the liability of the producers and the first purchaser.

This Court requests that the Attorney General's Office prepare and present a proposed order directing the clerk to pay over the accumulated tax which has been deposited in the Registry of the Court ($14,-176.90) plus all accrued interest to the Comptroller of the State of Texas.